**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-11613

Non-Argument Calendar

---

FRANCIS MARTIN BESTARD-MATOS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

---

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A240-280-381

---

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Francis Bestard Matos, a native and citizen of Cuba proceeding pro se, petitions us for review of the Board of Immigration Appeals' ("BIA") May 1, 2026 order. That order

affirmed the immigration judge's ("IJ") order granting the Department of Homeland Security's ("DHS") motion under 8 C.F.R. § 1239.2(c) to dismiss removal proceedings against Matos.

In immigration cases, we generally have jurisdiction only to review final orders of removal. *See* 8 U.S.C. § 1252(a)(1); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005). After commencement of removal proceedings, DHS may move the IJ to dismiss the proceedings under any ground enumerated in 8 C.F.R. § 239.2(a). 8 C.F.R. §§ 239.2(a), 239.2(c), 1239.2(c).

We lack jurisdiction over Matos's petition because he has not brought to us a final order of removal to invoke our review. 8 U.S.C. § 1252(a)(1); *Jaggernauth*, 432 F.3d at 1350. The BIA order affirmed the IJ's dismissal of removal proceedings, and that order is not a final order of removal. Nothing in the available record shows that the government has obtained a final order of removal against Matos.

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.